The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CHESTER DORSEY,<br><br>　　　　　　　　　　Debtor,<br>CHESTER DORSEY,<br><br>　　　　　　　　　　Appellant,<br>v.<br><br>CROCKER KUNO PLLC,<br><br>　　　　　　　　　　Appellee. | Bankruptcy No. 08-13337 PHB<br><br>Internal Appeal No. 09-S018<br><br>Case No. C09-1143 MJP<br><br>**ORDER AFFIRMING THE BANKRUPTCY COURT'S RULING** |

This matter comes before the Court on Appellant Chester Dorsey's appeal of the bankruptcy court's award to Appellee Crocker Kuno PLLC. Having considered the opening brief (Dkt. No. 6), the corrected responsive brief (Dkt. No. 8), the reply brief (Dkt. No. 9), the certified record, all papers submitted in support thereof, and having heard oral argument by the parties on March 15, 2010, the Court AFFIRMS the decision of the bankruptcy court.

**Background**

In 2007, the Appellant Chester Dorsey ("Dorsey") was the owner of a host of small businesses, including car washes. He encountered financial difficulties in the fall of 2007. (Dorsey Decl. at 2.) Several of his car washes faced imminent foreclosure. (Id.) He sought

assistance from the law firm Crocker Kuno PLLC to stave off these foreclosures. He met with Crocker Kuno only a few days before the properties were scheduled to foreclose. (Appellee's Excerpts of Record ("ER") 6:6-9.) In September 2007, Dorsey gave Crocker Kuno an initial security retainer of $20,000. (Dorsey Decl. at 2.) On September 13, 2007, Crocker Kuno and Dorsey executed a retainer agreement that noted the payment of the $20,000, and required a $1,039 filing fee and an additional $50,000 post-petition retainer due 30 days from the filing. (ER 7:9-13.)

On September 13, 2007, Crocker Kuno filed a Chapter 11 bankruptcy petition on behalf of Dorsey. (Dorsey Decl. at 2.) On October 5, 2007, Crocker Kuno filed an application nunc pro tunc to be employed as a professional. (ER 25:15.) On October 10, 2007, the court held a hearing as to Crocker Kuno's application for employment. (ER 26.) While no order was entered on the docket and no transcript of the hearing was included in the record certified in this appeal, Crocker Kuno continued to represent Dorsey. On November 8, 2007, Crocker Kuno filed a motion to withdraw, citing difficulties obtaining the necessary information and paperwork from Dorsey. (ER 9:8-10.) The court authorized Crocker Kuno's withdrawal on December 11, 2007. (ER 28:37.) Soon after, one of the secured creditors filed for dismissal against Dorsey, who was without counsel. The court dismissed the action on January 4, 2008. (ER 11:5-7.)

On May 30, 2008, Dorsey filed a new Chapter 11 bankruptcy petition. (Dkt. No. 6 at 8.) From this new estate, Crocker Kuno sought reimbursement for the fees it generated in the first bankruptcy action and filed a proof of claim on August 19, 2008 requesting $41,628. (Id.) Dorsey filed an objection to the claim on August 26, 2008. (Id.) The court held an evidentiary hearing on June 22, 2009 to review Crocker Kuno's proof of claim and Dorsey's objection. (Id.) No transcript of that hearing is submitted on appeal. During a hearing on June 30, 2009, the court granted Crocker Kuno nearly all of the requested fees; it barred certain post-dismissal fees. (Id. at 9.) The court found that Crocker Kuno's motion for appointment nunc pro tunc in the first bankruptcy proceeding was granted, but that Crocker Kuno had not applied for fees before the

ORDER AFFIRMING THE
BANKRUPTCY COURT'S RULING- 2

case was dismissed.  (ER 16:4-7.)  The court concluded, however, that this was not a fatal defect.  In reviewing Crocker Kuno's proof of claim, the court found the firm was entitled to fees generated in the first bankruptcy proceedings and that the fees sought were reasonable.  (ER 14:19-20.)  Dorsey appealed the ruling.

Dorsey raises two issues on appeal.  First, Dorsey argues that because Crocker Kuno did not follow certain procedural requirements to obtain fees in the first bankruptcy case, it could not have obtained them by filing a proof of claim in the second bankruptcy case.  Second, Dorsey claims that the fees awarded were excessive and erroneously granted.

**Analysis**

A.      Standard of review

In federal bankruptcy proceedings the district court serves as an appellate court in an appeal from the bankruptcy court.  See In re Olshan, 356 F.3d 1078, 1082 (9th Cir. 2004).  The Court reviews legal conclusions de novo and factual determinations for clear error.  Id. at 1083.  "A finding is clearly erroneous when . . . the reviewing court on the evidence is left with the definite and firm conviction that a mistake has been committed."  Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quotation omitted).  The party challenging a factual finding bears the burden of demonstrating it is clearly erroneous.  In re Huntington Ltd., 654 F.2d 578, 583 (9th Cir. 1981).

B.      The bankruptcy court properly considered Crocker Kuno's claim

Dorsey argues the bankruptcy court erred by allowing Crocker Kuno's claim against his estate because Crocker Kuno failed in the first bankruptcy case to follow certain procedural prerequisites to obtain fees.  Dorsey's argument discounts Ninth Circuit authority that permitted the bankruptcy court to consider Crocker Kuno's proof of claim in the second bankruptcy proceeding.

Generally, counsel performing work for the bankrupt estate cannot recover fees from the estate unless the bankruptcy court first approves appointment of counsel.  In re Atkins, 69 F.3d

970, 973 (9th Cir. 1995); 11 U.S.C. § 327(a).  Once appointed, counsel must file an application for reimbursement of attorneys' fees "from the estate" by complying with procedures in Fed. R. Bankr. P. 2016.  These rules support the orderly administration of the estate, protecting the estate's assets from being disbursed without the knowledge of the court and trustee.

Failure to request appointment or fees in a bankruptcy matter that is subsequently dismissed does not necessarily bar the attorney from later seeking fees in a separate proceeding.  See In re Elias, 215 B.R. 600, 603-04 (9th Cir. BAP 1997), aff'd, 188 F.3d 1160 (9th Cir. 1999).[1]  In In re Elias, the Ninth Circuit held that a state court could determine whether an attorney had been properly appointed in a bankruptcy proceeding and whether he was entitled to receive fees, even though he failed to request them pursuant to Fed. R. Bankr. P. 2016.  In re Elias, 188 F.3d at 1161.  In that case the bankruptcy court approved counsel's request for appointment, but counsel never requested fees from the estate prior to the dismissal of the case.  In re Elias, 215 B.R. at 602.  After dismissal of the bankruptcy action, counsel sought fees by filing an action in state court.  Id.  The debtor opposed the attorney's lien by arguing that the firm's initial appointment by the bankruptcy court was invalid because he acted unethically in representing her and, therefore, the attorney could not obtain any fees generated in the bankruptcy proceeding.  Id.  The Ninth Circuit determined that "a post-dismissal motion to enforce a fee agreement between a debtor and her attorney is ancillary to the bankruptcy court's core function of adjudicating the estate." In re Elias, 188 F.3d at 1162 (citation omitted).  The attorney did not have to seek to reopen the bankruptcy case because a state court could adjudicate the matter.

Considering and applying the ruling of In re Elias, the bankruptcy court in the present action properly determined that it could adjudicate Crocker Kuno's proof of claim even though the firm had not petitioned for fees in the first bankruptcy case.  The Court finds no error in the

---

[1] This is true even though bankruptcy courts have discretion to retain jurisdiction over ancillary matters, such as attorney fee requests after a bankruptcy proceeding is dismissed.  In re Taylor, 884 F.2d 478, 481 (9th Cir. 1989).

ORDER AFFIRMING THE
BANKRUPTCY COURT'S RULING- 4

bankruptcy court's decision to consider and rule on the propriety of Crocker Kuno's fee request. The bankruptcy court's process of review tracks the same procedures the first bankruptcy court would have employed had Crocker Kuno requested fees in the first matter. The Court finds no error and AFFIRMS the bankruptcy court's determination that it could review Crocker Kuno's proof of claim.

Dorsey argues that this conclusion is legally incorrect based on an application of the Sixth Circuit case of In re 5900 Assocs., Inc., 468 F.3d 326 (6th Cir. 2006). (Dkt. No. 6 at 10-13). In In re 5900, the Sixth Circuit held that the only way for an attorney appointed by a bankruptcy court to obtain fees is to apply for them in the bankruptcy court pursuant to Rule 2016, even if the estate has been dismissed. In re 5900, 468 F.3d at 329. This holding is contrary to In re Elias, where the Ninth Circuit held that another court could approve fees earned in a bankruptcy case despite the fact that counsel did not submit a fee request pursuant to Rule 2016. The Court cannot rely on contradictory out-of-circuit authority. In re Elias remains the applicable law in this Circuit.

C.   Appointment

Dorsey further contends that even under the In re Elias standard, Crocker Kuno's claim should fail due to the lack of appointment. Dorsey repeats throughout his briefing that Crocker Kuno was not appointed in the first bankruptcy matter. However, the bankruptcy court found that the first court had appointed Crocker Kuno as counsel and Dorsey has not shown why this finding is erroneous.

Generally counsel must seek appointment prior to rendering services for the estate. 11 U.S.C. § 330. In In re Elias, for example, counsel had been appointed by the bankruptcy court. 188 F.3d at 1161. However, counsel may seek appointment after performing work through a motion for appointment nunc pro tunc. A court may grant a nunc pro tunc order under "exceptional circumstances" when counsel shows (1) why prior judicial approval was not entered and (2) that his or her service has benefited the bankruptcy estate in a significant manner. In re

ORDER AFFIRMING THE
BANKRUPTCY COURT'S RULING- 5

Atkins, 69 F.3d 970, 974 (9th Cir. 1995) (citing In re Occidental Fin. Group, Inc., 40 F.3d 1059, 1062 (9th Cir. 1994)).

After reviewing the docket and applying the test in In re Atkins, the bankruptcy court found that the first court had approved Crocker Kuno's motion for appointment nunc pro tunc. First, the court concluded that "this is clearly an appropriate situation for a nunc pro tunc order" even though no notation appears in the docket confirming the appointment. (ER 15:20-21.) Second, the court concluded that "it's abundantly clear from the docket that Judge Glover approved the appointment of Crocker Kuno, and no doubt would, had he been asked to reopen the case to enter the appointment order nunc pro tunc." (ER 16:4-7.) Applying the standard for obtaining a nunc pro tunc order to the facts, the court found that Crocker Kuno provided substantial benefit to the estate by staving off an imminent foreclosure in an emergency situation where prior appointment was not necessarily possible. (ER 18:4-7); see In re Atkins, 69 F.3d at 975 (finding a nunc pro tunc order proper where counsel performed work on an emergency basis). Dorsey has provided no basis on which to conclude that this finding as to appointment is an erroneous factual finding or an error of the law. The Court therefore AFFIRMS the bankruptcy court's finding that Crocker Kuno was appointed counsel in the first bankruptcy proceeding.

D.  Entitlement to and reasonableness of fees

Dorsey challenges Crocker Kuno's entitlement to and the reasonableness of the fees the bankruptcy court awarded the firm. The bankruptcy court properly concluded that Crocker Kuno was entitled to fees. The Court also finds no error in the court's determination of the reasonable fees that could be awarded to Crocker Kuno.

To be entitled to fees in a bankruptcy proceeding, an attorney must show that the services provided were reasonably likely to provide a material benefit to the estate, not that the services resulted in success, in order to be compensable. In re Smith, 317 F.3d 918, 926 (9th Cir. 2002), abrogated on other grounds by, Lamie v. United States Trustee, 540 U.S. 526, 531-39 (2004).

ORDER AFFIRMING THE
BANKRUPTCY COURT'S RULING- 6

1  Dorsey relies on a Fifth Circuit case for the proposition that any legal services must have resulted

2  in "identifiable, tangible and material benefit to the estate" in order to be compensable. (Dkt.

3  No. 6 at 14); see In re Pro Snax Distribs., Inc., 157 F.3d 414 (5th Cir. 1998). The Ninth Circuit

4  has since expressly overruled this standard. See In re Smith, 317 F.3d at 926. The Court will not

5  apply Dorsey's incorrect statement of law.

6      The bankruptcy court properly concluded that Crocker Kuno was entitled to fees because

7  it provided a material benefit to the estate. The court found that Crocker Kuno's bankruptcy

8  petition halted the pending foreclosures of Dorsey's properties and that Dorsey received "several

9  months reprieve." (ER 18:4-6.) The court also determined that Crocker Kuno reasonably

10 believed a cash collateral motion was necessary and put substantial work into preparing this

11 motion prior to the dismissal. (ER 8:3-14.) The court found that "there's been no challenge to

12 the quality . . . or quantity of the work other than the question was it appropriate to do all of that.

13 And there's no contention the work wasn't done." (ER 14:9-13.) Dorsey has not demonstrated

14 that these findings are clearly erroneous or that the court's conclusion constitutes legal error.

15 The Court AFFIRMS the court's determination.

16     Dorsey's challenge to the reasonableness of the fee award is without merit. "A

17 bankruptcy court's award of attorneys' fees will not be disturbed on appeal absent an abuse of

18 discretion or an erroneous application of the law." In re Music Merchs., Inc., 208 B.R. 944, 946

19 (9th Cir. BAP 1997) (citing In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir. 1985)). There

20 is no evidence of an abuse of discretion or an erroneous application of the law by the bankruptcy

21 court in its award of attorney's fees. The court found that there was "no challenge to the quality,

22 for that matter, or quantity of the work" performed by Crocker Kuno. (ER 14:9-13.) The court

23 determined that the work performed by Crocker Kuno "was done well" and that it was

24 "reasonable and necessary except for that which is set forth in the 5 June 2008 statement." (ER

25 14:17-21.) The court reviewed the work performed and fees requested and approved only those

26 fees that were reasonable and necessary. (ER 12-14.) Although Dorsey decries the fees as

ORDER AFFIRMING THE
BANKRUPTCY COURT'S RULING- 7

"grossly excessive," he simply disputes the bankruptcy court's findings of fact with a self-serving declaration. (Dkt. No. 6 at 14.) This is insufficient to show clear error. The Court AFFIRMS the bankruptcy court's conclusion as to the amount of fees.

## Conclusion

The ruling of the bankruptcy court is AFFIRMED. The bankruptcy court properly found that it could determine the propriety of Crocker Kuno's proof of claim. The court's conclusion as to the entitlement to and reasonableness of the fees requested evidences no error of law or clearly erroneous finding of fact.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 19th day of March, 2010.

Marsha J. Pechman
United States District Judge